## Case No. 11,172.

### The PIONEER.

[Blatchf. Pr. Cas. 61; [1] 18 Leg. Int. 349.]

District Court, S. D. New York. Oct. 26, 1861.

PRIZE—SALE OF PERISHABLE CARGO PENDING APPEAL—ACT OF MARCH 3, 1849.

1. The vessel and cargo having been condemned, and an appeal taken by the claimants to the circuit court, this court, on evidence that the cargo was perishable, and the vessel and cargo liable to deterioration, and on the consent of all the parties, directed the prize commissioners to sell the vessel and cargo at public auction, and to bring the proceeds of sale into court.

2. The act of March 3, 1849 (9 Stat. p. 378, § 8), commented on, in respect to the disposition of the proceeds of a sale by a marshal.

It appearing to the court that the cargo of the prize vessel herein is of a perishable character, and that both vessel and cargo are suffering, and will be subject to much deterioration in their condition and value, pending the appeal of the claimants from the decree of condemnation [see Case No. 11,171a] thereof, it is ordered that the prize commissioners of this court do forthwith take into their possession the said bark Pioneer, and her cargo laden on board, and procure the unlading and storage of said cargo, if the same or either be requisite for its present safety or advantageous sale, and that the said commissioners do then, and without delay, proceed to make sale of said vessel and cargo at public auction on due notice, unless a consent shall be filed herein, executed by all the parties, that such sale may be otherwise effected by said commissioners; and it is further ordered, that the proceeds of sale, deducting therefrom the necessary expenses thereof, and of such unlading and storage, if any, be forthwith brought into court by the said prize commissioners, to abide the further decree in this suit, together with a report of their proceedings herein, and a detailed account of their sales and expenses, to the end that the court may make such further directions as to the investment of such proceeds, pending this suit, as it may deem proper.

BETTS, District Judge. The counsel for the respective parties moved the court for the decree above stated, in order that the funds might be disposed of by the court intermediate the hearing on appeal, and probably having also in view the object of bringing before the appellate courts the propriety of the distribution made here of the cargo condemned, should its confiscation, as decreed by this court, be sustained in the courts above.

The prize rules provide for a commission of appraisement, to ascertain the value of perishable property captured as prize (rule 25); and there would seem to be reasonable cause for allowing it in the present case, because there may be doubt, under the act of congress of March 3, 1849, § 8 (9 Stat. 378), whether the court can exercise any authority over the funds produced by a marshal's sale, and whether they must not be deposited absolutely in the United States treasury, only to be obtained therefrom by some mode of proceeding independent of the direction and practice of the court. The prayer of the proctors of the parties, supported by their mutual consent in writing, was, therefore, assented to, that the funds might be rescued from a perishing condition, and be so placed as to be made directly available, under orders of the court, to the parties interested in them, without injurious procrastination and expenses.